SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

AUG 02 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY STITCH | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| ALLIANCE ONE | ) |
| RECEIVABLES | ) |
| MANAGEMENT INC. | ) |
| | ) |
| Defendant | ) |

Case No. **CV11 - 3746**

CIVIL COMPLAINT

MAUSKOPF, J.

JURY TRIAL DEMANDED

MANN, M.J.

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Barry Stitch, by and through his undersigned counsel,

Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendants, and

respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Barry Stitch, is an adult natural person and brings this action for

actual and statutory damages and other relief against the Defendant for violations of the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits

debt collectors and original creditors from engaging in abusive, deceptive and unfair

practices, as well as violations and of New York General Business Law §349.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28

U.S.C. § 1337.

3.     Venue in this District is proper in that the Plaintiff resides in this District.

## III. **PARTIES**

4.     Plaintiff, Barry Stitch, is an adult natural person residing in Valley Stream, New York 11582.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, Alliance One Receivables Management, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of New York with its principal place of business located at 4850 E. Street Road, Ste. 300, Feasterville Trevose, PA 19053-6643.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. **FACTUAL ALLEGATIONS**

7.     In the beginning of July, 2011, Plaintiff started to receive calls from the Defendant's agent, "Brian", on a debt allegedly owed on a Citibank account.

8.     Plaintiff received these calls to his personal cell phone.

9.     Defendant's agent, "Brian", informed the Plaintiff that he owed the Defendant approximately $4,801.22.

10.     Plaintiff informed Defendant's agent, "Brian", that he was not currently working and he could not afford to pay this account right now.

11.     Plaintiff ended the call.

12. Defendant's agent, "Brian", continued to call the Plaintiff on his personal cell phone attempting to collect on the above mentioned account.

13. On or about July 11, 2011, Plaintiff's in-laws received a call from Defendant's agent, "Brian", asking for the Plaintiff's whereabouts.

14. Defendant's agent, "Brian", informed the Plaintiff's in-laws that the call was in regards to an outstanding debt.

15. Defendant continued to place calls to the Plaintiff's in-laws despite having already been in touch with the Plaintiff.

16. On or about July 14, 2011, Defendant's agent, "Brian" , called the Plaintiff again and demanded payment on this account.

17. Plaintiff told the Defendant that he knew that he owed the account but that he could not afford to pay at this time.

18. Defendant's agent, "Brian", became angry with the Plaintiff and told him that the Defendant was tired of trying to work with the Plaintiff and they were just going to give the account back to Citibank to deal with.

19. On or about July 15, 2011, Defendant's agent, "Brian", spoke with the Plaintiff again on this account.

20. At that time, the Plaintiff asked the Defendant why they called his in-laws looking for him.

21. Defendant's agent, "Brian", told the Plaintiff that they had no choice because the Plaintiff was not answering his phone.

22.     Before ending the call, Defendant's agent, "Brian", told the Plaintiff again that the Defendant was through dealing with the Plaintiff and would be giving the account back to Citibank.

23.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

24.     The Defendant acted in a false, deceptive, misleading and unfair manner by their means of coercing Plaintiff to pay this debt.

25.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26.     At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

27.     At all times pertinent hereto, the conduct of Defendant as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28.     As a result of the Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - FDCPA

29.     The above paragraphs are hereby incorporated herein by reference.

30.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated the consumer owes any debt |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

§§ 1692f(5)          Caused any charges to be made to the consumer,

e.g. cell phone calls

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Alliance One, for the following:

a.       Actual damages;

b.       Statutory damages pursuant to 15 U.S.C. § 1692k;

c.       Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.       Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

32.     Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

33.     Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

34.     GBL §349 provides in relevant part as follows:

(a)      Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g)      This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of

this state under which the attorney general is authorized to take any

action or conduct any inquiry

(h)     In addition to the right of action granted to the attorney general

pursuant to this section, any person who has been injured by reason

of any violation of this section may bring an action in his own

name to enjoin such unlawful act or practice, an action to recover

her actual damages or fifty dollars whichever is greater, or both

such actions.  The court may, in discretion, increase the award of

damages to an amount not to exceed three times the actual

damages up to one thousand dollars, if the court finds the

Defendant willfully or knowingly violated this section.  The court

may award reasonable attorney's fees to a prevailing Plaintiff.

35.     As a direct and proximate result of Defendant's, deceptive acts and

practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among

other things, suffered stress and anxiety as a result of the practices and actions of the

Defendant.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their

favor and against Defendant, Alliance One, and Order the following relief:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the

interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date:  July 26, 2011                    BY: _____

Bruce K. Warrens, Esquire
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
bkw@w-vlaw.com
Attorney for Plaintiff